STANLEY H. MARKS
Law Office of Stanley H. Marks
1600 Stout St., Suite 1100
Denver, CO 802020
720-946-2766 (voice)
303-893-8332 (facsimile)
E-Mail: Markslawyer@aol.com

RICHARD G. NOVAK (SBN: 149303)
Law Offices of Richard G. Novak
16633 Ventura Blvd., Suite 1200
Encino, CA 91436-1839
818-783-4648 (voice)
818-905-1864 (facsimile)
E-Mail: Richard@RGNLaw.com

Attorneys for Defendant
RICHARD A. MAIZE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>RICHARD A. MAIZE,<br><br>         Defendant. | Case No. CR 07-455-DDP<br><br>**DEFENDANT RICHARD A. MAIZE' NOTICE OF MOTION; MOTION FOR BAIL PENDING APPEAL AND TO STAY RESTITUTION PORTION OF JUDGMENT PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date of Hearing: Oct. 24, 2011<br><br>Time of Hearing: 3:00 P.M. |

   TO THIS HONORABLE COURT and Assistant United States Attorney Jeremy Matz:  Please take notice that at 3:00 p.m. on October 24, 2011, defendant Richard A. Maize ("Mr. Maize") will, and by this motion hereby does, move this court for an order: 1) permitting him to remain on bond pending appeal of this

court's order denying his motion to withdraw his pleas of guilty, and 2) for an order staying the restitution portion of the judgment imposed on September 12, 2011, pending appeal.

This motion will be based upon the attached memorandum of points and authorities and any other matters that the court may consider at the hearing on this motion.

Respectfully submitted,

Dated: September 26, 2011

By: _____
Richard G. Novak,
Attorney for Defendant
RICHARD A. MAIZE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### Introduction

Defendant Richard A. Maize entered a plea of guilty to an Information in October 2007 and in April 2011 moved this court for leave to withdraw his plea of guilty. That motion was denied in June 2011 and the court imposed judgment on September 12, 2011.

The judgment requires that Mr. Maize serve an 18-month term of imprisonment and requires him to pay an additional $380,000 in restitution above and beyond the $3.6 million he has already paid to RBC and Lehman. The court has ordered Mr. Maize to surrender to the Bureau of Prisons no later than December 2, 2011. A notice of appeal of the conviction and sentence was timely filed on September 17, 2011.

For the reasons set forth below, Mr. Maize seeks, pursuant to 18 U.S.C. § 3143(b), an order permitting him to remain on bond pending appeal of this court's order denying his motion to withdraw his pleas of guilty. Mr. Maize also moves this court to stay the portion of the judgment requiring him to immediately pay $25,000 in additional restitution.

Over the four years that Mr. Maize has been before this court, his release has been secured by a $100,000 appearance bond. With the court's permission and the government's concurrence, Mr. Maize has repeatedly travelled throughout the United States and abroad, including Mexico, Israel and Europe. Given Mr. Maize' deep community and family ties, his history of frequent travel outside of this district and the relatively short period of imprisonment imposed by this court, Mr. Maize does not present any risk of flight.

The issue on appeal, the court's denial of Mr. Maize' motion to withdraw his plea of guilty, is "fairly debatable" -the term utilized by the Ninth Circuit to describe the quantum of merit that must exist in the issue on appeal in order to warrant bail

pending appeal.  United States v. Handy, 761 F.2d 1279, 1280-81 (9th Cir. 1985); United States v. Montoya, 908 F.2d 450 (9th Cir. 1990).

      Of course, an appellate decision reversing this court's order denying the motion to withdraw the pleas of guilty would necessarily require reversal of the judgment requiring Mr. Maize to serve a term of imprisonment.  Given the length of the term of imprisonment imposed by the court, there is also a significant possibility that Mr. Maize will serve his entire sentence prior to resolution of the appeal if he is not permitted to remain on bond pending appeal.

      Under Federal Rule of Criminal Procedure 38(e)(1), this court has broad discretion to stay a restitution order pending appeal.  Mr. Maize requests that this Court permit him to remain on bond pending appeal and that the portion of the restitution order requiring an immediate payment of $25,000 be stayed pending appeal.

## II.

## Procedural History

      On June 18, 2007, Mr. Maize appeared for post-indictment arraignment on an Information that had been filed by the United States Attorney on May 25, 2007 pursuant to a plea agreement that had been negotiated between the parties. (Docket Nos. 1, 7, 10)  At the arraignment, Mr. Maize was released on a $100,000 unsecured appearance bond. (Docket No. 11)  The bond provided for standard conditions of release, including limits on Mr. Maize' travel outside of the district. With the court's permission, Mr. Maize travelled to Europe in late June and early July 2007. (Docket No. 16)  On July 9, 2007, Mr. Maize surrendered his passport to pretrial services. (Docket No. 18)

      On August 27, 2007, Mr. Maize entered pleas of guilty to five felonies and remained on bond pending sentencing.   With the government's concurrence, sentencing was continued for almost four years.  During those four years, Mr. Maize paid RBC and Lehman approximately $3.6 million in restitution.  He also travelled

outside of the United States on three additional occasions and travelled outside of the district on more than one dozen occasions.

On April 11, 2011, Mr. Maize filed a motion to withdraw his pleas of guilty. (Docket No. 103)  The motion was opposed by the United States. (Docket No. 116)  On June 16, 2011, this court denied Mr. Maize' motion.  (Docket No. 127)

Sentencing occurred on September 12, 2011.  The court's judgment requires Mr. Maize to serve an 18-month term of imprisonment and to pay an additional $380,000 in restitution.  Mr. Maize was permitted to remain on bond until he surrenders for service of his sentence.  He has been ordered to surrender no later than December 2, 2011.  (Docket No. 168)  A notice of appeal was timely filed on September 17, 2011.  (Docket No. 162)

### III.

### This Court Should Permit Mr. Maize to Remain on Bail Pending Appeal of This Court's Order Denying the Motion to Withdraw Pleas of Guilty

In the Ninth Circuit, a defendant sentenced to a term of imprisonment is entitled to bail pending appeal if:

a) there is clear and convincing evidence that he is not likely to flee or to pose a danger of safety to any other person or the community (18 U.S.C. § 3143(b)(1)(A));

b) the appeal is not for the purpose of delay (18 U.S.C. § 3143(b)(1)(B));

c) the appeal raises a substantial question of law or fact (18 U.S.C. § 3143(b)(1)(B)), and

d) an appellate ruling on that question that is in the defendant's favor would likely lead to reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  (18 U.S.C. § 3143(b)(1)(B)(i-iv))  United States v. Handy 761 F.2d 1279 (9th Cir. 1985); United States v. Montoya, 908 F.2d 450 (9th Cir. 1990).

With respect to Mr. Maize, there cannot be any serious contention that he is likely to flee or that he presents any danger to any person or the community.  He has been on bond in this matter for over four years without incident, his release has been subject only to an unsecured personal appearance bond, he has travelled extensively and his ties to the community are deep.  He has no prior record of criminal arrests or convictions.

Nor can it seriously be argued that Mr. Maize' appeal is merely for the purpose of delay.  Mr. Maize has already paid more than 90 percent of the restitution imposed by the court and every continuance of sentencing was the product of a stipulation of the parties.  Mr. Maize' appeal is a good-faith pursuit of review by the Ninth Circuit of this court's order denying his motion to withdraw his pleas of guilty.

The primary issue that will be litigated on appeal, this court's order denying the motion to withdraw pleas of guilty, is clearly "fairly debatable"; the term used by the Ninth Circuit to define the phrase "substantial question" within section 3143(b). This term was first interpreted by the Ninth Circuit in United States v. Handy, 761 F.2d 1279 (9th Cir. 1985).  Handy continues to be the standard utilized in this circuit. (See United States Courts for the Ninth Circuit, Standards of Review, Part II at 126)

In Handy, the Court stated, "requiring the defendant to demonstrate to the district court that its ruling is likely to result in reversal is tantamount to requiring the district court to certify that it believes its ruling to be erroneous.  Such an interpretation of the Act would make a mockery of the requirement [citations omitted] that the application for bail be made in the first instance in the district court." United States v. Handy, 761 F.2d at 1280.

In this circuit, a "substantial question" is one that is "fairly debatable" or one that is "of more substance than would be necessary to a finding that it was not frivolous. United States v. Handy, 761 F.2d at 1283.

This court's ruling denying the motion to withdraw the pleas of guilty is fairly debatable for a number of reasons. A defendant need only show a "fair and just reason" in order to withdraw his plea of guilty. Fed. Rule Crim. Proc. 11 (d)(2)(B). "The 'fair and just' standard is generous and must be applied liberally." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008). Prior to sentencing, "the district court shall permit withdrawal if the defendant establishes a fair and just reason for doing so." United States v. Ortega-Ascanio, 376 F.3d 879, 885 (9th Cir. 2004).

Mr. Maize presented a number of fair and just reasons for withdrawing his pleas of guilty. First, he asserted that his prior counsel provided him with significantly incorrect predictions about what would happen to him if he did not waive indictment, plead guilty and cooperate-that he would go to prison for at least a decade. Second, he explained that the government's failure to provide him with exculpatory evidence in its possession prior to entry of his plea led his counsel to misinterpret the quantum of evidence in support of his potential defenses. In an uncontested declaration, he stated that if he had been in possession of that evidence he would not have done so. Third, he asserted his legal innocence to the fraud-related charges and provided a detailed factual and legal explanation as to how the material aspects of the Abrams fraud scheme were hidden from him.

While this court denied Mr. Maize' motion, whether a question on appeal is "substantial" must be determined on a case-by-case basis. "There are no blanket categories for what questions do or do not constitute 'substantial' ones." United States v. Handy, 761 F.2d at 1282. "The question may be 'substantial' even though the judge or justice hearing the application for bail would affirm on the merits of the appeal." United States v. Handy, 761 F.2d at 1281.

That a district court's ruling denying a motion to withdraw a plea of guilty may, in the appropriate case, be reversed on appeal, is self-evident. Mr. Maize' motion to withdraw his pleas of guilty was replete with citations to Ninth Circuit

opinions reversing district court decisions denying such motions. The issues raised in Mr. Maize' motion are certainly "debatable among jurists of reason". Id.

Of course, if the Ninth Circuit does reverse this Court's ruling denying the motion, the custodial sentence imposed on September 12, 2011 would be vacated as well. Thus, there is no real dispute concerning the fourth prong of the four-prong test for bail pending appeal.

## IV.

## This Court Should Stay any Additional Restitution Payments
## Until the Appeal Has Been Fully Litigated

This Court has broad discretion to stay the restitution portion of the judgment imposed on September 12, 2011. "If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay--on any terms considered appropriate--any sentence providing for restitution …" Fed. Rule Crim. Proc. 38(e)(1). Mr. Maize has already paid over 90% of the total restitution that the court has determined is properly apportioned to him. The court specifically ordered Mr. Maize to pay an additional $25,000 in restitution immediately and ordered Mr. Maize to pay $10,000 per quarter upon his release from custody. At this time, Mr. Maize seeks only a stay of the immediate $25,000 payment pending appeal.

Mr. Maize has already paid approximately $3.6 million in restitution (according to the court's calculations). The court-appointed receiver is about to seek permission to distribute millions of dollars to RBC and other creditors. The civil action between RBC and Prudential and other defendants may result in settlements and judgments in RBC's favor far in excess of the balance of restitution owed by Mr. Maize. Therefore, it is in the interest of justice to stay any further restitution payments by Mr. Maize until the appeal is resolved. It cannot be seriously argued that even a temporary delay in Mr. Maize' remaining restitution payments will cause any prejudice to RBC.

## V.
## <u>Conclusion</u>

The issue that will be litigated on appeal, this court's denial of Mr. Maize' motion to withdraw his pleas of guilty, is certainly debatable among jurists of reason. Because there is clear and convincing evidence that Mr. Maize is not a flight risk and because reversal of this court's ruling would necessarily cause the custodial sentence imposed in this matter to be vacated, section 3143(b) requires that Mr. Maize be permitted to remain on bond pending appeal.

Respectfully submitted,

Dated: September 26, 2011

By: _____
Richard G. Novak,
Attorney for Defendant
RICHARD A. MAIZE