ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JEREMY D. MATZ (Cal. Bar # 199401)
Assistant United States Attorney
Major Frauds Section
    1113 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0649
    Facsimile:  (213) 894-6269
    E-mail:     jeremy.matz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | No. CR 07-455-DDP |
| Plaintiff,                     ) | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BAIL PENDING APPEAL AND TO STAY RESTITUTION PORTION OF JUDGMENT PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v.                             ) | |
| RICHARD A. MAIZE,              ) | |
| Defendant.                     ) | [EXHIBIT FILED CONCURRENTLY] |
| | Hearing: October 17, 2011<br>         3:00 p.m. |

   Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Jeremy D. Matz, hereby submits its Opposition To Defendant Richard A. Maize's Motion For Bail Pending Appeal And To Stay Restitution Portion Of Judgment Pending Appeal.

1  This Opposition is based on the attached Memorandum of
2  Points and Authorities, the Exhibit filed concurrently, all files
3  and records of this case, and any further evidence and argument
4  that may be presented at the hearing on Maize's motion.

5  DATED: October 4, 2011          Respectfully submitted,

6                                  ANDRÉ BIROTTE JR.
                                   United States Attorney
7
                                   ROBERT E. DUGDALE
8                                  Assistant United States Attorney
                                   Chief, Criminal Division
9
                                   /s/ Jeremy D. Matz
10                                 _____
                                   JEREMY D. MATZ
11                                 Assistant United States Attorney
                                   Major Frauds Section
12
                                   Attorneys for Plaintiff
13                                 United States of America

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

In 2007, defendant Richard A. Maize pled guilty to conspiracy, bank fraud, and lying on his tax return, all stemming from his role as a complicit mortgage banker in a major mortgage fraud ring. Four years later, at two lengthy hearings, the Court gave careful consideration to Maize's requests to withdraw his guilty pleas and for a probationary sentence. The Court denied those requests and sentenced Maize to 18 months in custody and approximately $381,000 in additional restitution, with an immediate payment of $25,000.

Maize now seeks bail pending appeal of his convictions and sentence. He also wants a stay of the $25,000 order, even though he is still worth several million dollars and makes almost enough money in a single month to meet that obligation. Maize's motion does not set forth sufficient grounds for such generous relief. Notably, Maize simply rehashes the same arguments that the Court already has rejected, and fails to explain why any of them will present a substantial question on appeal. Furthermore, Maize seeks yet again to delay and postpone his case -- as he did by waiting four years to try to withdraw his guilty pleas, despite his claim that he always believed throughout that period that he was innocent. Given the presumption that a post-sentencing defendant should serve his sentence even as he appeals, Maize falls short of the high standard necessary to obtain bail pending appeal. For these reasons, Maize's motion should be denied.

## II.

## ARGUMENT

A. <u>A Defendant Who Cannot Establish A Substantial Appellate Question Or Who Seeks To Delay Is Not Entitled To Bail Pending Appeal</u>

Under 18 U.S.C. § 3143(b)(1), Maize must begin serving his sentence unless the Court finds:

> (A) by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal <u>is not for purposes of delay</u> and raises a <u>substantial question of law or fact likely to result in</u> --
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (emphasis added).

The statute reflects a clearly stated legislative intent to make detention pending appeal the rule rather than the exception:

> Once guilt of a crime has been established in a court of law . . . there is no reason to favor release pending . . . appeal.
>
> * * *
>
> [T]he court must affirmatively find that the appeal is not taken for the purpose of delay and that [it] raises a substantial question of law or fact likely to result in reversal or an order for a new trial . . . . The change in subsection (b) requires an affirmative finding that the chance for reversal is substantial.
>
> * * *

>The Committee intends that in overcoming the presumption in favor of detention the burden of proof rests with the defendant.

S. Rep. No. 98-197, 98th Cong., 1st Sess. 52-54 (1983). See also United States v. McCahill, 765 F.2d 849, 850 (9th Cir. 1985) (§ 3143(b) made it more difficult for defendant to obtain bail pending appeal than under earlier law, where trial court could deny bail pending appeal, absent either flight risk or danger, only if appeal was frivolous or taken for delay); United States v. Miller, 753 F.2d 19, 22 (3rd Cir. 1985) (holding that Congress enacted § 3143 "to reverse the presumption in favor of bail").

Under the statute, defendant bears the burden of proving that an appeal raises a "substantial question" likely to result in reversal. See 18 U.S.C. § 3143(b); Fed. R. App. 9(c); United States v. Wheeler, 795 F.2d 839, 840 (9th Cir. 1986). "Substantial" defines the level of merit required in the question raised on appeal, and "likely to result in reversal or an order for a new trial" defines the type of question that must be presented. United States v. Handy, 761 F.2d 1279, 1281 (9th Cir. 1985). A substantial question is one that is "fairly debatable" or "fairly doubtful," thereby raising an issue "of more substance than would be necessary to a finding that it was not frivolous." Id. at 1283.

Bail pending appeal can only be granted if an appellate decision on a substantial question presented by Maize is likely to result in reversal or an order for a new trial of all counts on which he was sentenced to imprisonment. Handy, 761 F.2d at 1283; United States v. Hickey, 2006 WL 1867708 at *15 (N.D. Cal. 2006) (purported infirmities that go only to certain counts but

3

not all of them, even if debatable, do not justify bail pending appeal).

Maize must do more than merely identify appellate claims "summarily" in a "cursory motion" for bail pending appeal. United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990). Rather, he must provide sufficient argument in support of those claims to allow the Court to determine whether the putative appellate issues are "fairly debatable" or "fairly doubtful." Id. "As the moving party, it is [Maize's] burden" to demonstrate that the issues to be raised on appeal meet the Handy standard. Id.

B. **Maize Does Not Deserve Bail Pending Appeal Or A Stay Of The Restitution Order**

1. **Maize's Motion To Withdraw His Guilty Plea Does Not Present A Substantial Question Of Law Or Fact Likely To Result In Reversal Of All Counts**

Maize presents only one issue for appeal: his motion to withdraw his guilty plea. However, he merely reiterates the same arguments that he previously made to this Court on that motion. Specifically, Maize (1) blames his prior counsel for his decision to plead guilty; (2) claims that so-called newly-discovered evidence warranted withdrawal of his plea; and (3) states that he is innocent. The Court decided that none of these claims had merit. Maize does not explain how any of them has any more merit now than before.

Maize cites no cases that even address a request for bail pending appeal following a motion to withdraw a guilty plea. There are some such cases in which courts denied bail pending appeal. In United States v. Clark, 917 F.2d 177 (5th Cir. 1990),

4

the defendant pled guilty to making false statements in loan applications. Just like here, sentencing was postponed so that the defendant could cooperate in ongoing investigations of bank fraud. Two years later, he moved to withdraw his guilty plea. After that was denied and he was sentenced, he sought bail pending appeal. The issue for the Fifth Circuit was whether the motion to withdraw the guilty plea was a "substantial" question. Id. at 178, 180. The Fifth Circuit held:

> We are unpersuaded that this [is] a substantial question that supports [the defendant's] release pending appeal. Concededly, there are indications in the record to support [the defendant's] contention that some of the . . . factors cut in his favor. For example, [the defendant] at times protested his innocence even after entering his plea, his counsel appears to have relied inordinately upon the advice of prosecuting authorities, and his wife was threatened with indictment on separate charges if [the defendant] refused to plead guilty. Nevertheless, other . . . factors militate against [the defendant's] release pending appeal: He filed his motion to withdraw more than two years after entering his guilty plea; because two individuals instrumental in [the defendant's] prosecution are no longer government employees, withdrawal would prejudice the government's effort to pursue a case against [him]; and, finally, there is no evidence that the government's threat to indict [his wife] was made in bad faith. Given this mixed bag of . . . factors, and given that a lower court's denial of a motion to withdraw a guilty plea is reversed only for an abuse of discretion, we cannot conclude that this allegation of error is so convincing as to indicate that [the defendant] has "a substantial chance of prevailing" on appeal.

Id. at 180.

There are several similarities between this case and Clark. According to his present counsel, Maize "protested his innocence even after entering his plea," just like Clark did. Also, Maize here blames his prior counsel for his guilty plea, just as Clark apparently did. Clark even had a much stronger claim for

5

withdrawing his plea than Maize ever did; no one here ever threatened to indict Maize's wife if Maize did not plead guilty. Nonetheless, the Fifth Circuit denied bail pending appeal, noting (1) the two-year delay between Clark's guilty plea and his effort to withdraw it; (2) the fact that the government was prejudiced by the late withdrawal effort; and (3) the deferential abuse-of-discretion standard applied on appeal to the district court's decision not to allow the defendant to withdraw his plea. All three of these factors are present here too, except that the four-year delay here was twice as long. As shown by the government in its prior filings, Maize's delay prejudiced the government by avoiding a joint trial with co-schemers in 2009. The Court should reject Maize's request for bail pending appeal for the same reasons as in Clark. See also United States v. Bailey, 759 F.Supp. 685, 687 (D. Colo. 1991) (bail pending appeal denied; defendant failed to demonstrate any facts or misapplication of law that made denial of motion to withdraw guilty plea a close question when viewed under an abuse of discretion standard).

    Furthermore, Maize does not show that even an appellate decision in his favor is likely to result in an order for a new trial of all counts on which he was sentenced to imprisonment, as required by Handy. This is because Maize's 18-month sentence includes a concurrent 18-month sentence on the tax count to which he pled guilty, and his chances of being let out of his guilty plea on that count are even lower than on the conspiracy and bank fraud counts. Maize admitted lying on his tax return by hiding about $175,000 in kickbacks. His reasons for withdrawing his

guilty plea barely touch the tax count, if at all. Maize does not claim that his prior counsel told him he would go to prison for at least a decade on that count if he contested it at trial. He does not claim that the allegedly "newly-discovered" evidence had anything to do with his taxes, and it did not -- the cooperating witnesses whom he cites provided no information about whether Maize reported the kickbacks. Maize's argument for getting out of the tax count guilty plea depends entirely on his self-serving declaration filed in support of his motion to withdraw the plea. In its opposition to that motion, the government showed how Maize's declaration was not credible. Maize has failed to meet the Handy requirements.

2. **Maize's Motion For Bail Pending Appeal Is Designed To Delay His Imprisonment**

In opposing Maize's motion to withdraw his guilty plea, the government demonstrated how Maize had delayed bringing the motion for years after the point in time at which he (1) was allegedly claiming he was innocent, and (2) had the information that allegedly supported that claim. At the hearing on the motion, Maize (through counsel) reiterated that he had been protesting his innocence for at least four to five years (i.e., back to 2006 or 2007), even though he never brought the motion until 2011.[1] The government also demonstrated how Maize had gamed the process by (1) never informing the government that he was considering

---

[1] Ex. A (transcript of 06/16/11 hearing) at 28 ("has it consistently been Mr. Maize's position that he was innocent of these offenses? He has taken that position for the last four to five years that I have been involved in the representation, and I can attest to the court he's taken that position with O'Melveny & Myers.").

7

seeking to withdraw his plea; (2) misleading the government into believing that sentencing continuances were appropriate because of Maize's potential cooperation, even though he allegedly wanted to defend himself at trial instead of testifying against co-schemers at trial;[2] and (3) allowing his co-schemers' six-week trial to come and go before he ever publicly raised the prospect of withdrawing his guilty plea. The Court stated that the delay was "a negative" against Maize's motion. Ex. A at 38.

Considering Maize's dilatory history, there is ample reason to conclude here that he has brought the instant motion first and foremost in order to stay out of prison for even longer. It is now about eleven years since he joined the Abrams-Fitzgerald conspiracy, five years since he admitted his misconduct to the government, and four years since he pled guilty. His co-schemers who received similar sentences have already served their time.[3] If released on bail pending appeal, he will have no incentive to prosecute his appeal diligently, and will likely seek continuances of the appellate deadlines in order to stay out of custody as long as possible. Maize has not carried his burden of

---

[2] Maize argues that "every continuance of sentencing was the product of a stipulation of the parties." (Motion at 6). Although that statement is literally true, Maize fails to acknowledge that he only secured these stipulations by concealing from the government his desire to withdraw his guilty plea and fight the charges. If the government had known this key fact, it never would have stipulated to continue his sentencing, but instead would have required him to bring the motion immediately.

[3] The Bureau of Prisons website shows that Jamieson Matykowski, who (like Maize) was sentenced to 18 months, and Kyle Grasso, who was sentenced to 12 months, have both been released from custody.

proving the opposite.

### 3. Maize Can Easily Make The Court-Ordered Immediate Payment And Offers No Good Reason Why He Should Not Do So

In a financial statement filed in August, Maize confirmed that he is worth nearly $5 million, estimated conservatively. This was based on assets totaling more than $7.14 million (not counting more than $2 million in additional assets in the names of his wife and children) and liabilities of about $2.4 million. Furthermore, Maize confirmed a net monthly positive cash flow of $20,799, even including various claimed expenses for luxuries that could easily be eliminated or reduced. A sizable portion of his monthly income appears to come from passive returns on investments and loans, which he presumably will continue to receive even when he goes into custody. Out of the total amount of approximately $381,000 in additional restitution, the Court ordered him to pay only $25,000 immediately. This is a very small fraction of Maize's wealth and income.

Maize claims that staying the immediate payment is in the interest of justice. Not so. Making RBC whole, as soon as possible, for the loss that its own trusted officer helped to inflict is in the interest of justice. In the very unlikely event that the Ninth Circuit vacates Maize's guilty plea and grants him a trial, Maize can seek to recover his money from RBC. See, e.g., United States v. Beardslee, 2008 WL 4334711 at *3 (N.D.Cal. 2008) (stay of restitution under Fed. R. Crim. P. 38(e)(1) denied despite defendant's conclusory assertion that stay would be in the interests of justice; fact that restitution could be reversed on appeal was unpersuasive where defendant

could move for return of money if judgment were reversed; defendant offered no evidence of economic hardship, changes in financial circumstances, or any other reason why victims should be delayed in receiving compensation); <u>United States v. Geiger</u>, 2006 WL 752567 at *2 (E.D.Tenn. 2006) (stay of restitution denied even where defendant was making quarterly payments; if appellate court vacated sentence, defendant could seek remission of monies paid); <u>United States v. Hassebrock</u>, 2011 WL 1979380 at *2 (S.D.Ill. 2011) (stay of restitution to IRS denied; if appellate court vacated sentence, monies could be refunded by IRS to defendant).

### III.
### CONCLUSION

Maize has not shown that (1) the single issue he plans to appeal presents a substantial question; (2) his purpose is not to delay; or (3) he is entitled to a stay of restitution. His motion for bond pending appeal and for a stay of restitution should be denied, and he should be ordered to surrender to custody as scheduled.